**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ARMONI MASUD JOHNSON,

Plaintiff

v.

SUPERINTENDENT MCGINLEY, et al.,

Defendants

CIVIL ACTION NO. 4:18-CV-01714

(BRANN, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

Presently before the Court is a complaint seeking damages (Doc. 1), filed by *pro se* prisoner-Plaintiff Armoni Masud Johnson (hereinafter referred to as "Johnson") on August 29, 2018. At the time of the filing of his complaint, Johnson was incarcerated at the State Correctional Institution at Coal Township ("SCI-Co18-1714al Township"), located in Northumberland County, Pennsylvania. (Doc. 1). In his complaint, Johnson seeks damages against the following Defendants pursuant to 42 U.S.C. § 1983: Superintendent McGinley; Deputy Luscavage; and Major Mirachi. (Doc. 1). The Court has conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that the complaint (Doc. 1) fails to state a claim upon which relief may be granted, and Johnson will be granted leave to file an amended complaint.

## I. BACKGROUND AND PROCEDURAL HISTORY

Johnson, proceeding *pro se*, initiated the instant action by the filing of a complaint in this matter on August 29, 2018.[1] (Doc. 1). While the allegations in the complaint are meager at best, Johnson brings his complaint against the named Defendants pursuant to 42 U.S.C. § 1983. (Doc. 1, at 1). In his statement of claim, Johnson refers to an enclosed complaint "against [thirteen] defendants…employed at [SCI Coal Township]," and indicates that he will file suit against four more defendants "at a later date." (Doc. 1, at 2). However, Johnson failed to attach the purported enclosure to his pleading. As for relief, Johnson seeks damages from "[SCI Coal-Township] as a[n] entity and…from individu[a]ls being sued in their official capacities." (Doc. 1, at 3). Johnson also requests that his rights be restored in a separate civil action, *Johnson v. Koehler, et al.*, No. 3:14-CV-01490 (M.D. Pa. July 31, 2014).[2]

---

[1] Johnson also filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which the Court granted by way of separate Order on March 6, 2019. (Doc. 28).

[2] In addition to the facts pled in Johnson's complaint, the Court considers the related judicial docket sheets of other state and federal proceedings involving Johnson. *See e.g., Commonwealth v. Johnson*, Docket No. CP-40-CR-0002553-2012 (Luzerne Cnty. C.C.P.); *Commonwealth v. Johnson*, Docket No. CP-40-CR-0000117-2012 (Luzerne Cnty. C.C.P.); *Johnson v. Koehler, et al.*, No. 3:14-CV-01490 (M.D. Pa. July 31, 2014); *Johnson v. Pierantoni et al*, No. 3:15-CV-01196 (M.D. Pa. June 18, 2015); *Johnson v. Kelly, et al.*, No. 3:15-CV-01195 (M.D. Pa. June 19, 2015); *Johnson v. Luzerne County Courthouse, et al.*, No. 3:15-CV-01203 (M.D. Pa. June 19, 2015); *Johnson v. Roskosci*, No. 3:15-CV-01232 (M.D. Pa. file June 23, 2015); *Johnson v. Bienkoski et al.*, No. 3:18-CV-00592 (M.D. Pa. Mar. 14, 2018); *Johnson v. Koehler, et al.*, No. 4:18-CV-00807 (M.D. Pa. Apr. 13, 2018); *Johnson v. McGinley*, No. 1:18-CV-02359 (M.D. Pa. Dec. 12, 2018). These are all matters of public record that the Court may properly take judicial notice of upon ruling on a motion to dismiss. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. §§ 1915(e) to screen the complaint and dismiss it if it fails to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Johnson is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips [v. County*

> *of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In deciding a Rule 12(b)(6) motion, the court may also consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim,

the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED[3]

At the outset, the complaint fails to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Johnson fails to simply, concisely, and directly allege what his claims are, and does not provide fair notice of the grounds on which his intended claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). This runs afoul of Rule 8(a)(2)'s basic tenant that the "'plain statement' [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *See Twombly*, 550 U.S. at 545; *see also Cooper v. Link*, No. 18-CV-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights."). Moreover, insofar as Johnson invokes 42 U.S.C. § 1983 as the basis of his complaint, there are no allegations that suggest a viable civil rights claim against the Defendants.[4] Thus, in its current form, the complaint would not provide any

---

[3] For the purposes of this Memorandum, the Court proceeds on Johnson's originally filed complaint. (Doc. 1). However, even if the Court liberally construed Johnson's subsequent submissions (Doc. 7; Doc. 8; Doc. 10; Doc. 11; Doc. 16) as a single pleading, the Court's foregoing analysis would remain unchanged, as discussed *infra*.

[4] Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). Thus, to state a claim under § 1983, Johnson must demonstrate: (1) that the defendants committed the

*(footnote continued on next page)*


meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them. *See Twombly*, 550 U.S. at 555. Accordingly, Johnson's complaint is subject to dismissal in its entirely for failure to state a claim upon which relief may be granted. [5]

The Court further observes that subsequent to the filing of the original complaint, Johnson submitted numerous documents, including: a document entitled "Amended Complaint," filed on September 12, 2018 (Doc. 7); a document entitled "Declaration," filed on September 12, 2018 (Doc. 8); another document entitled "Declaration," filed on September 28, 2018 (Doc. 10); a document construed by the Court as "Supplemental Exhibits,"[6] filed on October 25, 2018 (Doc. 11); and a document referred to by Johnson as a "Supplemental Petition," filed on December 7, 2018 (Doc. 16). The Court has reviewed these documents, construing them liberally. Notably, it appears that several of these filings, which

---

alleged misconduct while acting under color of state law; and (2) that conduct complained of deprived the plaintiff of a right secured by the United States Constitution. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] The Court notes that the complaint may also be subject to dismissal under the theory of *res judicata.* However, as the precise nature of Johnson's claims are not entirely clear, the Court declines to consider the applicability of this doctrine, or other bases for dismissal, at this time.

[6] As best can be gleaned from this document, Johnson appears to challenge his "tainted" state court conviction and seek "a new trial free of conflict counsel." (Doc. 11, at 1, 3). Despite the vague nature of this filing, however, such a request generally falls under the habeas corpus umbrella. *See Fontroy v. King*, No. CIV.A. 86-1501, 1986 WL 7222, at *2 n. 1 (E.D. Pa. June 24, 1986) (noting that a request for a new trial "is properly presented in a petition for a writ of habeas corpus filed after plaintiff has exhausted his state remedies.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Rushing v. Pennsylvania*, 637 F.App'x 55, 58 (3d Cir. 2016). Thus, any such claims must be pursued by way of a petition for a writ of habeas corpus—not a civil rights action for monetary damages under 42 U.S.C. § 1983.

are largely rambling and incomprehensible, overlap with other actions involving Johnson. *See Johnson v. Koehler, et al.*, No. 3:14-CV-01490 (M.D. Pa. July 31, 2014); *Johnson v. Bienkoski et al.*, No. 3:18-CV-00592 (M.D. Pa. Mar. 14, 2018); *Johnson v. Koehler, et al.*, No. 4:18-CV-00807 (M.D. Pa. Apr. 13, 2018); *Johnson v. McGinley*, No. 1:18-CV-02359 (M.D. Pa. Dec. 12, 2018). Despite the various cross-references, "[n]either Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [Johnson] to submit numerous addenda to his Complaint in this piecemeal fashion." *See Lewis v. Sessions*, No. CV 17-5475(FLW), 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017); *see also Walthour v. Child & Youth Servs.*, No. CIV.A 09-03660, 2009 WL 5184465, at *1–2 (E.D. Pa. Dec. 21, 2009) ("Plaintiffs' pleadings, amendments, and supplemental filings are disjointed and incomplete … Defendants cannot be on notice of the claims against them if they are not named in the caption, nor can they adequately respond to claims scattered throughout various pleadings and supplemental filings."). Simply stated, Johnson's vague and fragmented filings fail to overcome the pleading deficiencies contained in his complaint.[7]

---

[7] Even if the Court liberally construed Johnson's disjointed submissions as a single amended complaint, filed as a matter of course under Rule 15(a) of the FEDERAL RULES OF CIVIL PROCEDURE, such a pleading would still not survive the screening process. For example, Johnson's purported "Amended Complaint" consists of two pages—the first of which appears to be a list of exhibits that Johnson relies upon in support of the instant action, but does attach to his amended pleading, and the second of which appears to be a request that this Court take judicial notice of the "facts already presented to this Court" in a previous filing submitted in a separate federal action. (Doc. 7). In essence, it appears that Johnson attempts to amend his complaint by incorporating broad, unspecified allegations from another action by reference. *See* Fed. R. Civ. P. 10(c). However, "it has been held that allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference [under Fed. R. Civ. P. 10(c)]." *Kohler v. Commonwealth of Pennsylvania*, No. CV 10-4748, 2011

*(footnote continued on next page)*

For these reasons, the Court finds that Johnson's complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

C. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). As the complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, so as to preserve Johnson's rights as a *pro se* litigant, the Court will allow him to file a single, unified, legible amended complaint setting

WL 13199209, at *1 (E.D. Pa. Jan. 28, 2011) (quoting C. Wright & A. Miller, 5A Federal Practice & Procedure § 1326 (2004)); Fed. R. Civ. P. 10(c).

Accordingly, assuming *arguendo* that the Court could permissibly consider the outside filings Johnson seemingly relies upon in evaluating the "Amended Complaint," he has failed to incorporate such documents "with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation." *See Kohler*, 2011 WL 13199209, at *1 (citing *Heintz & Co. v. Provident Tradesmens Bank & Trust Co.*, 29 F.R.D. 144, 145 (E.D. Pa. 1961)). With respect to his other documents, "simply attaching various exhibits to the complaint in the apparent hope that [the Court] will be able to ferret out the elements of a cause of action against the[] defendants, is legally insufficient to state a claim." *Patel v. Geisinger Health*, No. 4:18-CV-2253, 2018 WL 7019255, at *5 (M.D. Pa. Nov. 27, 2018), *report and recommendation adopted,* No. 4:18-CV-02253, 2019 WL 174560 (M.D. Pa. Jan. 11, 2019) (citing *Walthour v. Child & Youth Servs.*, 728 F. Supp. 2d 628, 636 (E.D. Pa. 2010) (dismissing claims against defendants who were only identified in exhibits attached to complaint, and not in the body of the pleading)). Thus, even if Johnson's subsequent filings (Doc. 7; Doc. 8; Doc. 10; Doc. 11; Doc. 16) were construed as a single pleading, the Court's analysis would remain the same.

forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants.

Johnson is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in identifiable constitutional violations, to the extent Johnson intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Johnson is cautioned that he must comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE and establish at least modicum of factual specificity regarding the claims he intends to assert, and the factual grounds upon which they rest.

**Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

## III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff Armoni Masud Johnson's complaint (Doc. 1) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court will order Johnson to file an amended complaint within **thirty (30) days**.

An appropriate Order follows.

**Dated: March 15, 2019**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**