UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ARMONI MASUD JOHNSON,

    Plaintiff

v.

SUPERINTENDENT MCGINLEY, et al.,

    Defendants

CIVIL ACTION NO. 4:18-CV-01714

(BRANN, J.)
(MEHALCHICK, M.J.)

# **MEMORANDUM**

Presently before the Court is an amended complaint seeking damages and declaratory relief (Doc. 24), filed by *pro se* prisoner-Plaintiff Armoni Masud Johnson (hereinafter referred to as "Johnson") on April 9, 2019. In his amended complaint, Johnson seeks damages against the following Defendants pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983: Superintendent McGinley; Deputy Luscavage, Major Mirachi, Nancy Wilson, Blue Shirt Davis, Superior Blue Shirt Hendricks, Lt. Belles, Captain Burns, Karen Merritt-Scully, and Debra Carnuccio. At the time he filed his complaint, Johnson was incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"), located in Northumberland County, Pennsylvania. (Doc. 1). Johnson has since been transferred to Luzerne County Correctional Facility, located in Wilkes-Barre, Pennsylvania. (Doc. 26, at 12).

The Court has conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that this complaint (Doc. 24) fails to state a claim upon which relief may be granted, and Johnson should be granted leave to file an amended complaint.

## I. BACKGROUND AND PROCEDURAL HISTORY

Johnson, proceeding *pro se*, initiated the instant action by filing a complaint in this matter on August 29, 2018.[1] (Doc. 1). The initial complaint did not satisfy the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. (Doc. 1). Johnson's allegations failed to provide factual grounds on which his claims rested. (Doc. 21, at 6). On March 15, 2019, the Court found that Johnson's complaint failed to state a claim and granted him 30 days to file an amended complaint. (Doc. 22).

Johnson's amended complaint alludes to a variety of perceived civil rights violations, a few of which seem to be moot, and none of which appear connected. (Doc. 24, at 11-21). Johnson claims damages from SCI Coal-Township as an entity, and from the named Defendants in their official and personal capacities. (Doc. 24, at 18, 21). Johnson also seeks declaratory relief in the form of forcing the facility to "cease abuse." (Doc. 24, at 15).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. §§ 1915(e) to screen the amended complaint.

## II. DISCUSSION

### A. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F.

---

[1] Johnson also filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which the Court granted by way of separate Order on March 6, 2019. (Doc. 28).

Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Johnson is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips v. [County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.
>
> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In order to state a valid cause of action a plaintiff must provide some factual ground for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). A trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When it comes to the factual grounds, however, a court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a)

requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE AMENDED COMPLAINT DISGUISES ANY TRUE SUBSTANCE IN CONFUSED AND AMBIGUOUS INFORMATION[2]

At the outset, the amended complaint fails to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint is "illegible or incomprehensible," *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007), or when it is "not only of an unwieldy length, but it is also largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d

---

[2] For the purposes of this Memorandum, the Court proceeds on Johnson's amended complaint. (Doc. 24). However, even if the Court liberally construed Johnson's prior submissions (Doc. 1; Doc. 7; Doc. 8; Doc. 10; Doc. 11; Doc. 16) as a single pleading, the Court's foregoing analysis would remain unchanged.

Cir. 2007), an order dismissing a complaint under Rule 8 is appropriate. *See, e.g., Rhett v. New Jersey State Superior Court*, 260 F. App'x 513 (3d Cir. 2008); *Stephanatos*, 236 F. App'x at 787; *Scibelli,* 219 F. App'x at 221; *Bennett-Nelson v. La. Bd. Of Regents*, 431 F.3d 448, 450 n. 1 (5th Cir. 2005). Further, dismissal is appropriate under Rule 8 in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011)(quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

Here, Johnson's amended complaint effectively disguises any potential claim(s) of action. (Doc. 24). In the first ten pages of his amended complaint, Johnson states numerous "objections" to the Court's memorandum directing him to file an amended complaint, refers to exhibits which allegedly accompany the *initial* complaint, describes a brief legislative history of *habeas corpus* which is inapplicable to this action, and inserts a two-page Court discussion regarding the dismissal of an earlier claim. (Doc. 24, at 1-10). Nowhere in these ten pages does Johnson assert a claim for relief. Throughout the rest of the amended complaint, Johnson intersperses alleged acts committed by various facility officials with Biblical passages and explanations of irrelevant law. (Doc. 24, at 11-15).

To identify any potential claims asserted by Johnson, the Court must parse through numerous pages of extraneous information. (Doc. 24). The amended complaint is confused and ambiguous due to the wide variety of subjects it addresses. (Doc. 24). Any true claim is disguised by the confusion and ambiguity. Therefore, the Court finds that the amended complaint fails to comply with the requirements of Rule 8. *See Tillio*, 441 F. App'x at 110.

C. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

On page eleven of his amended complaint, Johnson begins providing allegations of acts involving Defendants Wilson, Davis, Hendricks, Belles, Burns, Merritt-Scully, and Carnuccio. These acts occur at different times, in different places, and by different parties.

Federal Rule of Civil Procedure 20 governs joining defendants in federal litigation. The rule provides, in part, that "person[s] … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added).

First, Johnson alleges that, sometime around September 10, 2018, despite having over three dollars in his account, Wilson denied him access to paper and to the copy machine, thereby chilling his 1st Amendment right of access to the court. (Doc. 24, at 11). Next, , Johnson alleges that Hendricks "tampered" with employment records, thereby denying him pay.[3] (Doc. 24, at 12). In the same paragraph, Johnson alleges Davis declared his coffee to be contraband. (Doc. 24, at 12). It appears that the alleged actions of Hendricks and Davis occurred on December 16, 2017. It is unclear from the amended complaint which of Johnson's rights he asserts is violated by Davis declaring coffee as contraband.

Later in the amended complaint, Johnson avers that Belles confiscated his outgoing mail and monitored his phone calls. (Doc. 24 at 16). This allegedly occurred on or around

---

[3] It appears that Johnson was later paid for the time he worked, thereby rendering this claim moot. (Doc. 24, at 13).

November 1, 2017. Johnson states that these actions constituted a violation of his 1st Amendment rights.

Finally, Johnson accuses Merritt-Scully and Carnuccio of depriving him of medical care in violation of the 8th Amendment's prohibition against cruel and unusual punishment. (Doc. 24, at 19-20). These alleged deprivations began January 1, 2019 and continued through March 5, 2019.

Joining these divergent claims in a single lawsuit is inappropriate without further articulation of a unifying theme or thread. There is nothing in the amended complaint to indicate that these acts arise out of the same transaction, occurrence, or series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a)(2). It is, frankly, impossible to decipher how these acts and actors relate to Superintendent McGinley, Johnson's first named Defendant. Without explanation of a connecting thread – as required by Rule 20 – the Court may properly dismiss the amended complaint and require Johnson to file separate complaints relating to what appear to be factually distinct claims. *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011).

Throughout his amended complaint, Johnson periodically mentions a conspiracy. (Doc. 24, at 16, 18, 21). In order to state a valid cause of action, a plaintiff must provide some *factual* ground for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. A court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal.*, 459 U.S. at 526. To support his conclusion of a conspiracy, Johnson must allege facts indicating a conspiracy. The Court has no reason to infer them. Johnson gives no explanation, beyond mere speculation, as to the reasons for this

suspicion. (Doc. 24, at 11-21). Without more than this conclusion, the Court finds that the amended complaint fails to state a claim.

### D. THE AMENDED COMPLAINT FAILS TO SATISFY THE REQUIREMENTS SET FORTH IN THE ORDER GRANTING LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). The original complaint did not clearly set forth any claims against the Defendants, and dismissal was warranted. However, so as to preserve Johnson's rights as a *pro se* litigant, the Court granted him leave to file an amended complaint and directed him to provide "a single, unified, legible amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants." (Doc. 22, at 9-10).

Johnson's amended complaint is not unified. It begins with Johnson's objections to the order to amend (Doc. 24, at 3-6), continues with references to internal grievances Johnson filed (Doc. 22, at 8), includes an excerpt of a published opinion with no explanation as to its relevance (Doc. 22, at 9-10), and goes back and forth between alleged acts and "Spiritual Analyses." (Doc. 22, at 11-21). Further, it takes great effort by the Court to decipher any legal claims that can be reviewed and potentially answered by the Defendants. It is still unclear for what act or acts, specifically, Johnson requests relief.

The Court also required that the amended complaint "be a pleading that stands by itself without reference to the original complaint." (Doc. 22, at 10)(emphasis omitted)(citing

*Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Johnson refers to the original complaint, or exhibits from the original complaint, multiple times. (Doc. 24, at 3-5, 7, 20).

The Court warned that "failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety." (Doc. 24, at 10). As explained *supra*, this amended complaint fails to state a claim pursuant to the Federal Rules of Civil Procedure.

### E. SUMMARY

To give defendants a fair opportunity to respond, they must have "fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93-94. Johnson's amended complaint does not sufficiently identify his claim(s). (Doc. 24). Additionally, any true substance must not be disguised by "confused, ambiguous, vague, or otherwise unintelligible" language. *Tillio,* 441 F. App'x at 110. Any potentially true substance in Johnson's amended complaint is disguised by such language. (Doc. 24). Finally, Johnson's failure to articulate any connection between the acts and Defendants he describes (Doc. 24), requires the Court to recommend they not be joined to this action. *See* Fed. R. Civ. P. 20(a)(2). Any underlying conspiracy is not sufficiently pleaded. *See Bell Atlantic Corp.,* 550 U.S. at 555 *(*explaining that a complaint must provide factual grounds beyond mere labels and conclusions).

### F. LEAVE TO AMEND

However, keeping in mind that a document filed *pro se* is "to be liberally construed" and further, that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile, the Court will grant Johnson leave to file a second amended complaint

in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Johnson is reminded that the amended complaint must be submitted using the court-furnished form.[4] The complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Any claim of conspiracy must include specific acts indicating the intent to conspire. Mere speculation is insufficient. Johnson is advised to follow each claim with a corresponding good-faith request for relief. Moreover, an amended complaint must, pursuant to Rule 20(a), name only those Defendants implicated in the transaction or occurrence giving rise to Johnson's claims and whose involvement in the suit presents a common question of law or facts.

Finally, Johnson must **not** include any extraneous information that does not **directly** involve an alleged act constituting a violation of a civil right.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff Armoni Masud Johnson's amended complaint (Doc. 24) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court will grant Johnson leave to file an amended complaint within **30 days.**

An appropriate Order follows.

Dated: October 28, 2019                         *s/ Karoline Mehalchick*
                                                                **KAROLINE MEHALCHICK**
                                                                **United States Magistrate Judge**

---

[4] *See Mincy v. Klem*, 303 F. App'x 106, 107-08 (3d Cir. 2008)(explaining that it is proper for the District Court to order use of a form-complaint when the original is unduly long).